# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5128 | **DATE** | 9/25/2001 |
| **CASE TITLE** | GEORGIA-PACIFIC CORP vs. WALSH CONSTRUCTION CO et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, Rossco's motion for summary judgment is granted. Count VI of the corrected fourth amended complaint is dismissed in its entirety with prejudice. All previously set dates shall stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 26 2001 | |
| | Notified counsel by telephone. | | date docketed | 330 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | DOCKETING | 9/25/2001 | |
| JS | | courtroom deputy's initials | 01 SEP 26 AM 8:35 | date mailed notice JS mailing deputy initials |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 99 C 5128 |
| WALSH CONSTRUCTION COMPANY OF ILLINOIS, an Illinois Corporation, et al., | ) ) ) ) | **DOCKETED** |
| Defendants. | ) ) | SEP 2 6 2001 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 29, 2001, plaintiff Georgia-Pacific Corporation ("Georgia-Pacific") filed an eleven-count Corrected Fourth-Amended Complaint against defendants Walsh Construction Company of Illinois, Inc., ("Walsh"), McClier Corp., ("McClier"), Rossco, Inc., ("Rossco"), International Crown Construction Company ("Crown"), and United Dominion, Inc., ("United Dominion"). On August 1, 2001, Rossco filed this motion for summary judgment on Count VI of the Corrected Fourth-Amended Complaint pursuant to Federal Rules of Civil Procedure 56. Count VI alleges a claim of common-law fraud against Rossco. Having considered the matter fully, Rossco's motion for summary judgement as to Count VI of the Corrected Fourth-Amended Complaint is GRANTED. Count VI of the Corrected Fourth-Amended Complaint is dismissed in its entirety with prejudice.

1

# STATEMENT OF FACTS[1]

Georgia-Pacific and Walsh entered into two written agreements in which Walsh agreed to provide general contracting services for the construction of a main warehouse and additional structures in University Park, Illinois. Walsh, in turn, sub-contracted with defendant Rossco, formally known as Rowley Construction Company, Inc. Rossco was to provide the pre-engineered building, the labor, equipment, materials and expertise to erect the main warehouse and additional structures. Rossco, in turn, sub-contracted the erection of the pre-engineered main warehouse to defendant Crown. Upon the execution of the agreements, Walsh represented to Georgia-Pacific that Walsh possessed the requisite skill and judgment to accomplish the agreed upon work in accordance with the contract terms.

During construction, Walsh prepared a series of pay applications seeking payment for work performed. Rossco complied its own pay applications seeking payments from Walsh containing its own and sub-contractors' invoices and submitted the details to Walsh. Walsh ultimately submitted the pay applications to Georgia-Pacific for payment. Additionally, Walsh's project manger, Ken Chura ("Chura") complied activity logs to be sent along with the pay applications to Georgia-Pacific. The activity logs reported which sub-contractors were on the job each day and what type of work was being done.

Before the final pay applications were sent to Georgia-Pacific, Walsh prepared rough drafts of the pay applications, and Chura then met with Georgia-Pacific's representative and on-site project manager to go over the rough draft line by line. If the Georgia-Pacific's on-site project manager had

---

[1] The following facts are undisputed and are taken from the Rossco's and plaintiff's respective Local Rule 56.1(a) & (b) statements of material facts and accompanying exhibits.

2

any disagreements with the information contained in the pay application, the document was changed to meet Georgia-Pacific's concerns.

After the Georgia-Pacific's on-site representative and project manager approved the rough draft of the pay application, it was sent to Georgia-Pacific's architect, Ray Rarick of McClier, in Atlanta. Rarick regularly came to Chicago to review and inspect the project, and to discuss the details of the pay application with Chura. Additionally, William Consolie of Georgia-Pacific's Engineering and Technology department also traveled monthly to Chicago to review the progress of the project and to examine the pay applications. After approval of the rough draft, Walsh put the pay application into its final form and forwarded the final application to Georgia-Pacific for payment.

In December, 1996, Georgia-Pacific took possession of warehouse and facilities. Soon after Georgia-Pacific took possession of the warehouse, Georgia-Pacific notified Walsh that the warehouse roof leaked. After attempted repairs to the roof, the roof continued to leak. Georgia-Pacific filed suit on August 6, 1999.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether

3

there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

It is not the function of this court to scour the record in search of evidence to defeat a motion for summary judgment; the nonmoving party must identify with reasonable particularity the evidence upon which that the party relies. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The evidence relied upon must be competent evidence of a type otherwise admissible at trial. Id. Thus, a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment. Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995) (hearsay testimony may not be considered in summary judgment proceeding).

## ANALYSIS

In Illinois,[2] to assert a claim of fraud, Georgia-Pacific must establish by clear and convincing evidence: (1) that Rossco made to Georgia-Pacific a representation of a material fact not a promise or opinion; (2) that Rossco's material representation was false; (3) that Rossco knew or believed that the material representation was false; (4) that Georgia-Pacific reasonably relied on the truth of Rossco's misrepresentation to its detriment; and (5) that Rossco made the false and material

---

[2]Since neither party raised a conflict of law issue in this diversity suit, the governing law is that of the forum state, Illinois. Transamerica Ins. Co. v. South, 975 F.2d 321, 327 (7th Cir.1992).

4

representation for the purpose of causing Georgia-Pacific to affirmatively act. Chicago College of Osteopathic Medicine v. George A. Fuller Co., 719 F.2d 1335, 1347 (7th Cir. 1983). In addition, it is well established in Illinois that privity is not a prerequisite of fraud cases. St. Joseph Hospital v. Corbetta Const. Co., Inc., 21 Ill.App.3d 925, 954, 316 N.E.2d 51, 72 (1st Dist. 1974). Accordingly, Georgia-Pacific, as a third party, could recover damages for a fraudulent misrepresentation made by Rossco to Walsh if Georgia-Pacific can establish that it relied upon Rossco's misrepresentations to its detriment, and that Rossco intended the misrepresentation to be conveyed to Georgia-Pacific. See, e.g., Peerless Mills, Inc. v. American Tel. & Tel. Co., 527 F.2d 445, 450 (2nd Cir. 1975).

Georgia-Pacific alleges in Count VI of the Corrected Fourth-Amended Complaint that Rossco's submitted its May, June, July, August, September, and November 1996 pay applications to Walsh with the intention that Walsh use the information contained in these pay applications to influence Georgia-Pacific's conduct. Georgia-Pacific also alleges that Rossco knew Georgia-Pacific would rely on these pay applications and further alleges it relied on these "misrepresentations of material fact" to its detriment. (Corr. Fourth Am. Compl. ¶¶ 203-276). Finally, Georgia-Pacific alleges that Rossco certified in each pay application that work completed on the warehouse and other buildings was completed in accordance with contract terms, even though, the work described in each pay application was not done according to contract terms.

It is undisputed in this case that during the course of construction, Rossco's submitted pay applications for their work to Walsh. It is also undisputed that in each pay application Rossco submitted to Walsh, Rossco certified:

The undersigned Contractor certifies that the Work covered by the Application for Payment

5

has been completed in accordance with the Contract Documents, that all amounts have been paid by him for work for which previous Certificates for Payment were issued and payments received from the Owner, and that the current payment shown herein is now due.

Reserving judgment on whether Rossco intended Walsh to transmit to Georgia-Pacific pay applications Rossco submitted to Walsh, upon a complete review of the record, viewing all the evidence in a light most favorable to Georgia-Pacific, this court finds that there were material misrepresentations made by Rossco to Walsh in its pay applications, but there is insufficient evidence in the record to create a dispute of material fact such that a reasonable finder-of-fact could find by clear and convincing evidence: (A) that Rossco made any misrepresentation to Walsh with the knowledge or belief of the misrepresentations; or (B) that Georgia-Pacific reasonably relied on the truth of any Rossco misrepresentation. Accordingly, this court must grant Rossco's motion for summary judgment as to Count VI of the Corrected Fourth-Amended Complaint as a matter of law.

### A. Pay Applications: Knowledge or Belief of Falsity

Knowledge or belief of a false statement can be proven by direct or circumstantial evidence. Mother Earth, Ltd. v. Strawberry Camel, Ltd., 72 Ill.App.3d 37, 50 390 N.E.2d 393, 404 (1st Dist. 1979). Circumstantial evidence must be such to justify an inference of knowledge or belief and such inferences are particularly appropriate where the matter in question is peculiarly within the range of facts known to the defendant. 72 Ill.App.3d at 50, 390 N.E.2d at 405. Additionally, representations made in reckless disregard or culpable ignorance of their truth or falsity, can also support an action for fraud. Duhl v. Nash Realty Inc., 102 Ill.App.3d 483, 491-2, 429 N.E.2d 1267, 1274 (1st Dist. 1981).

Georgia-Pacific has failed to carry its evidentiary burden on the issue of knowledge or belief because there is no evidence in the record, direct or circumstantial, which creates a triable issue of

6

material fact that Rossco knew or believed that work was not completed in accordance with contract terms at the time Rossco certified its work to Walsh. Additionally, there is no evidence that Rossco certified its work to Walsh in reckless disregard or culpable ignorance of its truth.

Georgia-Pacific argues that Rossco certified its work in reckless disregard of whether its work was actually completed in conformance with the contract documents. Georgia-Pacific argues that Rossco's complete failure to take any steps whatsoever to ensure the truth and accuracy of the statements within the pay applications it certified constitutes a reckless disregard for the truth of those statements. Georgia-Pacific principally cites to Duhl v. Nash Realty Inc., 102 Ill.App.3d 483, 491-2, 429 N.E.2d 1267, 1274 (1st Dist. 1981) in support of this proposition.

In Duhl, the Illinois Appellate Court stated in dicta that statements made in culpable ignorance of their truth or falsity are fraudulent and that where statements are made in culpable ignorance it is immaterial whether a party misrepresenting a material fact knows the facts to be false. 102 Ill.App.3d at 491, 429 N.E.2d at 1274 (citations omitted). The Appellate Court held that plaintiff's contention in the complaint that defendants acted intentionally and with reckless disregard of the truth was sufficient to withstand a motion to dismiss for failure to state a claim. Id. On a motion for summary judgment, however, a party who bears burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986); Warsco v. Preferred Technical Group, 258 F.3d 557, 563 (7th Cir. 2001). Accordingly, the Duhl case and its holding is immaterial to this motion for summary judgment.

Upon a complete review of the evidence in this case, Georgia-Pacific has simply rested on its pleadings that Rossco acted in reckless disregard. While, there is sufficient evidence in the record

to raise a genuine issue of fact that Rossco did not completely ensure that every aspect of work completed within each pay application was completed in accordance with contract terms, there is insufficient evidence to raise a genuine issue of material fact that Rossco's lack of investigation constitutes reckless disregard. Georgia-Pacific's bare allegations and conclusory statements of Rossco's reckless disregard for truth are unpersuasive and cannot withstand Rossco's motion for summary judgment.

B.      Pay Applications: Reliance

In determining whether the injured party reasonably relied on a false statement, courts look to all the relevant circumstances surrounding the alleged misrepresentation. Chicago Export Packing Co. v. Teledyne Industries, Inc., 207 Ill.App.3d 659, 663, 566 N.E.2d 326, 329 (1st Dist. 1990). A person may justifiably rely on facts only where parties do not have equal knowledge or means of obtaining knowledge of facts allegedly misrepresented. Id. A person may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another. Id. (citations omitted).

Rossco argues that Geogia-Pacific's own on-going daily inspection of the premises and pre-approval of each and every pay application defeats Georgia-Pacific's claim that it reasonably relied on Rossco's certification on the pay application. Rossco argues that Georgia-Pacific had an equal opportunity to know every detail of the construction as it progressed because Georgia-Pacific's project managers and architects were on the job site daily and had the opportunity to watch every piece of iron being welded and every screw being turned. Rossco concludes that Georgia-Pacific through the use of ordinary prudence, either knew or could have known of each alleged deviation from the contract specifications as they occurred, accordingly, Georgia-Pacific should not have be

allowed to contend that it relied on general representations that the work was being done pursuant to the contract documents.

In viewing all the evidence in a light most favorable to Georgia-Pacific, it is clear that there were several deviations from contract specifications in the work completed by Rossco and its subcontractors, but no one noticed these deviations during construction, not Georgia-Pacific, not Rossco. Additionally, since the undisputed evidence in this case reveals that Georgia-Pacific had equal access and opportunity to observe every minute detail of the work being completed, Georgia-Pacific has failed to carry its evidentiary burden of reasonable reliance. There is no evidence that Georgia-Pacific reasonably relied on any material representation by Rossco. The undisputed evidence in this case reveals that Georgia-Pacific had equal knowledge and equals means of obtaining knowledge of the true facts which Georgia-Pacific contends were misrepresented.

## CONCLUSION

For all the above stated reasons, Rossco's motion for summary judgment is GRANTED. Count VI of the Corrected Fourth-Amended Complaint is dismissed its entirety with prejudice. The parties are again urged to discuss settlement. All previously set dates remain.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: September 25, 2001

9